UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KRESHAUN BRINKLEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17-cv-591-RLM-MGG |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Kreshaun Brinkley, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 17-02-302) where the disciplinary hearing officer found him guilty of possession of a cell phone in violation of Indiana Department of Correction policy A-121. He was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Mr. Brinkley argues that the hearing officer didn't have enough evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC A-121 by the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Mr. Brinkley as follows:

> On 2-24-17 at about 7:50 am I Sgt. Reed arrived at the cell of Brinkley 149149. I told him to come to the door for a shakedown.
> He then pulled a black cell phone from his groin area + proceeded to throw it on the ground several times breaking it, then flushing the busted pieces as well as the charger
> I then entered the cell to confirm it had gone down the toilet. (It did)

ECF 1 at 5.

The DHO had sufficient evidence to find Mr. Brinkley guilty. A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The reporting officer provided the hearing officer with a first-hand account of Mr. Brinkley pulling a cell phone out of his pants,

smashing it on the floor, and flushing the pieces. While Mr. Brinkley says he had a remote control in his hand, and that he flushed a cup of wine, it was the role of the hearing officer, not this court, to weigh the credibility of the conflicting accounts. It wasn't unreasonable for the hearing officer to weigh the evidence in the reporting officer's favor. Mr. Brinkley isn't entitled to habeas corpus relief based on the sufficiency of the evidence.

Mr. Brinkley also argues that he is entitled to habeas corpus relief because he was denied his right to an impartial decision-maker. He argues that the hearing officer improperly chose to believe the officer's account, rather than his account. Mr. Brinkley's argument amounts to a roundabout challenge to the sufficiency of the evidence and the credibility determinations made by the hearing officer, which was just discussed. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Here, Mr. Brinkley hasn't met that high standard necessary to establish bias. Mr. Brinkley's claim that the hearing officer should have found in his favor doesn't amount to evidence that the hearing officer was biased, much less meet the high evidentiary threshold necessary to establish bias. Mr. Brinkley isn't entitled to habeas corpus relief on this ground.

The court DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4. The clerk shall enter judgment accordingly.

3

SO ORDERED.

ENTERED: September 5, 2017.                /s/ Robert L. Miller, Jr.

                                                               Judge

                                                                United States District Court